## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Janet Smith, Debra Thorne, Sonja Lindley, and Pamela Kaberline, on behalf of themselves and all others similarly situated, | Civ. No. 18-3405 (PAM/KMM) |
| Plaintiffs, | |
| v. | **MEMORANDUM AND ORDER** |
| U.S. Bancorp, the Employee Benefits Committee, and John/Jane Does 1-5, | |
| Defendants. | |

This matter is before the Court on Defendants' Motion to Dismiss.  (Docket No. 21.)  For the following reasons, the Motion is denied.

## BACKGROUND

This case involves participants in the U.S. Bank Pension Plan ("the Plan") who elected to receive their benefits before the Plan's anticipated retirement age of 65. Beginning in 2002, Plaintiffs accrued their retirement benefits under the Plan's "Final Average Pay Formula."  (Compl. (Docket No. 1) at 2.)  Although the Plan anticipates a retirement age of 65, those who receive benefits under the Final Average Pay Formula can retire as early as age 55.  (Id.)  Each Plaintiff commenced their Plan benefit as an annuity before age 65.  (Defs.' Supp. Mem. (Docket No. 23) at 8.)  When a participant elects to start their retirement benefits before age 65, the terms of the Plan require a reduction of their monthly benefit, expressed as a percentage of the normal benefit the participant would

have received had they retired at 65.    (Compl. at 2.)    This is known as the "Early
Commencement Factor" ("ECF").    The applicable ECFs for each retirement age are stated
in a 2002 "Plan Document" and in subsequent "summary plan descriptions."    (Defs.' Supp.
Mem. at 12.)    Upon early retirement, each Plaintiff had their monthly benefit reduced by
the applicable ECF for their age in accordance with the Plan's terms.

Plaintiffs contend that the ECFs result in benefits that are not actuarially equivalent
to the retirement benefit they would have received at age 65, in violation of the Early
Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.    Simply put,
Plaintiffs argue that Defendants are paying retirees who retire before the age of 65 an
unreasonably low percentage of their annuity benefit based on unreasonable actuarial
calculations.

Defendants assert that the Complaint must be dismissed because Plaintiffs' claims
rely on regulations that do not allow for a private right of action and, in any event, ERISA
does not impose a reasonableness standard on the calculation of ECFs.    Defendants also
contend that Plaintiffs' claims are insufficiently pled and time-barred.

**DISCUSSION**

To survive a motion to dismiss under Rule 12(b)(6), a complaint need only "contain
sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its
face.'"    Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly,
550 U.S. 544, 570 (2007)); see also Fed. R. Civ. P. 12(b)(6).    A claim bears facial
plausibility when it allows the Court "to draw the reasonable inference that the defendant
is liable for the misconduct alleged."    Iqbal, 556 U.S. at 678.    When evaluating a motion

to dismiss under Rule 12(b)(6), the Court must accept plausible factual allegations as true. <u>Gomez v. Wells Fargo Bank, N.A.</u>, 676 F.3d 655, 660 (8th Cir. 2012). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to support a claim. <u>Iqbal</u>, 556 U.S. at 678. "Though matters outside the pleading may not be considered in deciding a Rule 12 motion to dismiss, documents necessarily embraced by the complaint are not matters outside the pleading." <u>Ashanti v. City of Golden Valley</u>, 666 F.3d 1148, 1151 (8th Cir. 2012).

## A.   ERISA's Applicability

Plaintiffs bring their claims under 29 U.S.C. § 1132(a), which states that retirement plan participants or beneficiaries may bring a civil action to recover benefits, enforce or clarify rights under their plan, enjoin practices that violate the terms of their plan or ERISA subchapter I, or obtain equitable relief to enforce provisions or redress violations. 29 U.S.C. § 1132(a)(1)(B), (3).

### 1.   Section 1054(c)(3) and "Actuarial Equivalence"

Plaintiffs allege that the allegedly improper benefit reductions violate 29 U.S.C. § 1054(c)(3). Section 1054(c)(3) provides that "in the case of any defined benefit plan, if an employee's accrued benefit is to be determined as an amount other than an annual benefit commencing at normal retirement age [e.g., a single life annuity beginning upon early retirement] . . . the employee's accrued benefit . . . shall be the actuarial equivalent of such benefit . . . ."

> What these provisions mean in less technical language is that: (1) the accrued benefit under a defined benefit plan must be valued in terms of the annuity that it will yield at normal retirement age; and (2) if the benefit is paid at any

3

> other time (e.g., on termination rather than retirement) or in any other form (e.g., a lump sum distribution, instead of annuity) it must be worth at least as much as that annuity.

Esden v. Bank of Boston, 229 F.3d 154, 163 (2d Cir. 2000). "This rule that regardless of any option as to timing or form of distribution, a vested participant in a defined benefit plan must receive a benefit that is the actuarial equivalent of her normal retirement benefit . . . has been repeatedly recognized by courts." Id. (citing cases). Plaintiffs argue that sources outside of ERISA provide guidance on what constitutes "actuarial equivalence," including the Tax Code and Treasury regulations that relate to § 1054(c)(3). See I.R.C. § 411(a), (c)(3); see also 26 C.F.R. § 1.411(a)-4(a).

Thus, any distribution from the Plan at issue here must be an actuarial equivalent of the accrued benefit at normal retirement age. Plaintiffs allege that the related regulations impose a reasonableness requirement on underlying actuarial calculations and provide guidance on the factors that go into any actuarial adjustments. Defendants contend that Plaintiffs' claims arise under these regulations, which do not provide for a private right of action. This argument ignores that the regulations merely provide guidance, and the relief Plaintiffs seek is for violation of the actuarial equivalence requirement of § 1054(c)(3), not for violation of the Tax Code and Treasury regulations. Indeed, courts have often referred to the same regulations Plaintiffs cite to assist in actuarial equivalence analyses in ERISA cases. Esden, 229 F.3d at 163; Wimbush-Bowles v. GTE Service Corp., No. 02cv15580, 2004 WL 392918, at *2 (11th Cir. Feb. 3, 2004); McDaniel v. Chevron Corp., 203 F.3d 1099, 1116 (9th Cir. 2000). Plaintiffs' claim instead arises pursuant to 29 U.S.C. § 1132(a)(3), which Defendants concede "authorizes actions to enforce the provisions . . .

4

of subchapter I of ERISA." (Defs.' Supp. Mem. at 8.) Section 1054 is a provision of subchapter I.

Next, Defendants claim that Plaintiffs are attempting to impose a "reasonableness" requirement into ERISA, where no such requirement exists. But what Plaintiffs seek is actuarial equivalence, a requirement under § 1054(c)(3), not reasonableness. Plaintiffs assert that the Plan ECFs must be based on factors that lead to an actuarially equivalent benefit. Seemingly looking to sidestep any analysis into the basis for the ECFs, Defendants imply that there are no underlying requirements at all for calculating and applying the ECFs. (See Defs.' Supp. Mem. at 13 ("Here, the Plan defines the benefit that each Plaintiff earned, including the ECFs applied to the benefit when commenced before normal retirement age. Each Plaintiff has received that benefit in accordance with the Plan terms. They are entitled to nothing more.")). However,

> [f]or the purposes of [§ 1054(c)(3)], the regulations do not leave a plan free to choose its own methodology for determining the actuarial equivalent of the accrued benefit expressed as an annuity payable at normal retirement age. If plans were free to determine their own assumptions and methodology, they could effectively eviscerate the protections provided by ERISA's requirement of "actuarial equivalence."

Esden, 229 F.3d at 164. Indeed, if § 1054 were as permissive as Defendants suggest, they would be free to apply an ECF that reduced monthly benefits by 99% if a participant retired at age 64 rather than 65. This is contrary to the purpose of ERISA. "To comply with ERISA, as well as to be considered a qualified plan under the Code, a plan must comply with specified valuation rules and certain consent rules." Id. (citing Treas. Reg. § 1.411(a)–11(a)(1) and Treas. Reg. § 1.417(e)–1(a)).

"Although ERISA does not further define actuarial equivalence, we assume Congress intended that term of art to have its established meaning." Stephens v. U.S. Airways Grp., Inc., 644 F.3d 437, 440 (D.C. Cir. 2011). "Two modes of payment are actuarially equivalent when their present values are equal under a given set of actuarial assumptions." Id. More specific guidance, found in the regulations Plaintiffs cite, states: "[i]n determining the present value of any distribution of any accrued benefit from a defined benefit plan, the plan must take into account specified valuation rules . . . as set forth in section 417(e)." 26 C.F.R. § 1.411(a)–11(d). Section 417(e) requires that the accrued benefit be discounted to present value at the "applicable interest rate." 26 U.S.C. § 417(e)(3)(A); 29 U.S.C. § 1055(g)(3); 26 C.F.R. § 1.417(e)–1(d). Mortality data may also factor into an actuarial equivalence calculation. See Dooley v. Am. Airlines, Inc., No. 81cv6770, 1993 WL 460849, at *10 (N.D. Ill. Nov. 4, 1993) (holding that actuarily equivalent benefits must be "determined on the basis of actuarial assumptions with respect to mortality and interest which are reasonable in the aggregate").

Plaintiffs claim that, based on current prevailing interest rates and life expectancies, the ECFs used by Defendants were not calculated in accordance with these requirements. Although Defendants dispute these contentions, an analysis of the underlying allegations is not appropriate when considering a motion to dismiss. The Court must accept Plaintiffs' factual allegations as true. Plaintiffs' allege that the ECFs are not in conformity with actuarial equivalence requirements. Discovery will reveal whether these allegations are correct. For now, Plaintiffs have alleged a plausible claim that the ECFs fail to provide the participants with an actuarially equivalent benefit in violation of § 1054(c)(3).

2.      **Section 1053(a) and "Forfeitability"**

Plaintiffs argue that by reducing their benefits in violation of § 1054(c)(3), Defendants have also violated the anti-forfeiture provisions of 29 U.S.C. § 1053(a).  This section provides that an employee's right to his or her vested retirement benefits is non-forfeitable.  The Treasury regulation for the Tax Code provision corresponding to § 1053 (26 U.S.C. § 411), states that "adjustments in excess of reasonable actuarial reductions, can result in rights being forfeitable."  26 C.F.R. § 1.411(a)-4(a).  And courts have held that a distribution of pension benefits below the actuarial equivalent value can constitute a forfeiture of accrued benefits under § 1053(a).  E.g., Berger v. Xerox Corp. Ret. Income Guarantee Plan, 338 F.3d 755, 759 (7th Cir. 2003); Esden, 229 F.3d at 162-68.

For the same reasons stated above, discovery will determine whether the benefits given to Plaintiffs are the actuarial equivalent of the benefits they would have received at normal retirement age.  Plaintiffs have alleged facts demonstrating that the benefits they receive are insufficient.  Accordingly, Plaintiffs have stated a plausible claim for improper forfeiture of accrued benefits under ERISA.

B.      **"Failure to Monitor" Claim**

Plaintiffs' third count is for breach of fiduciary duty under 29 U.S.C. § 1104. Plaintiffs raise a "failure to monitor" claim against Defendant U.S. Bancorp, alleging that it breached its fiduciary duty by appointing the Employee Benefits Committee and allowing the Committee to approve benefit totals that violate ERISA.  (Compl. ¶ 104.) Defendants ask that this claim be dismissed because it is not sufficiently pled.  The Court finds that the facts alleged in the "Breach of Fiduciary Duty" section of the Complaint are

sufficient to support the failure-to-monitor claim and to put Defendants on sufficient notice

of the basis for that claim.

## C.    Timeliness

Finally, Defendants argue that Plaintiffs' claims are time-barred, first by the

limitations period set forth in the Plan (Counts I and II) and by ERISA's six-year limitations

period for breach-of-fiduciary-responsibility claims (Count III).

The Plan states in relevant part:

> No legal action to recover Plan benefits or to enforce or clarify rights under
> the Plan under section 502 . . . may be brought by any claimant on any matter
> pertaining to the Plan unless the legal action is commenced in the proper
> forum before . . . thirty (30) months after the claimant knew or reasonably
> should have known of the principal facts on which the claim is based . . . .

(Docket No. 24-1, 2002 Plan document § 11.6; see also Docket No. 24-2, 2003 Summary

Plan Description at 33.)  The statute of limitations for the breach of fiduciary duty claim is

"six years after . . . the date of the last action which constituted a part of the breach or

violation." 29 U.S.C. § 1113.

"As a general rule, the possible existence of a statute of limitations defense is not

ordinarily a ground for Rule 12(b)(6) dismissal unless the complaint itself establishes the

defense." Joyce v. Teasdale, 635 F.3d 364, 367 (8th Cir. 2011) (quotation omitted); see

also JJ Holand Ltd. v. Fredrikson & Byron, P.A., No. 12cv3064, 2013 WL 3716948, at *5

(D. Minn. July 12, 2013) (Montgomery, J.).  There are no facts on the face of the Complaint

which raise concerns that the limitations period has run.  And there are factual disputes

regarding whether the limitations provision in the Plan applies to Plaintiffs' claims and the

date on which the applicable limitations periods began to run.  Accordingly, whether

8

Plaintiffs' claims are timely will be a fact-intensive inquiry that is not appropriate for consideration in a motion to dismiss.

**CONCLUSION**

Plaintiffs have made sufficient factual allegations to plausibly allege that Defendants have violated ERISA. Accordingly, **IT IS HEREBY ORDERED that** Defendants' Motion to Dismiss (Docket No. 21) is **DENIED**.

Date: <u>June 26, 2019</u>

<u>*s/ Paul A. Magnuson*</u>
Paul A. Magnuson
United States District Court Judge