UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Janet Smith, Debra Thorne, Sonja Lindley and Pamela Kaberline, on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>v.<br><br>U.S. Bancorp, the Employee Benefits Committee and John/Jane Does 1-5,<br><br>                    Defendants. | Court File No. 18-cv-03405-PAM-KMM<br><br><br>**RULE 26(f) REPORT** |

The parties/counsel identified below conferred as required by Fed. R. Civ. P. 26(f) and the Local Rules, on August 14, 2019, and prepared the following report.

The initial pretrial conference required under Fed. R. Civ. P. 16 and LR 16.2 is scheduled for August 28, 2019, before the United States District Judge Magnuson in Room 734, of the U.S. Courthouse in, St. Paul, Minnesota. The parties request that the pretrial be held by telephone.

**(a) Description of the Case.**

    **(1) Concise factual summary of plaintiff's claims:**

Plaintiffs are participants in the U.S. Bank Pension Plan (the "Plan") who took early retirement from the Company. On behalf of themselves and all similarly-situated Plan participants, they allege Defendants violated ERISA by paying retirees who retire before age 65 less than the actuarial equivalent of the annuity they would be entitled to receive at age 65. Specifically, when determining the amount of benefits for retirees who retire before age 65 who are part of the Final Average Pay Formula part of the Plan, Defendants use early commencement factors ("ECFs") that are arbitrary and do not reflect reasonable actuarial assumptions. Defendants' use of the ECFs results in monthly benefit payments that are substantially lower than the actuarial equivalent of the accrued benefits that they would receive if they retired at age 65. Plaintiffs seek to reform the Plan, recover the shortfall in benefits paid to date, and compel the Plan to

pay them the actuarial equivalent of their accrued benefits at age 65 on a go-forward basis.

**(2) Concise factual summary of defendant's claims/defenses:**

Plaintiffs are participants in the U.S. Bank Pension Plan (the "Plan"), who voluntarily chose to retire prior to the Plan's normal retirement age of 65. Under the terms of the Plan, when a participant elects to commence benefits before age 65, the Plan reduces the monthly benefit by a stated amount (an Early Commencement Factor or "ECF"), because a participant who retires prior to age 65 is projected to receive retirement payments over a longer period of time than a participant who retires at the normal retirement age of 65. Each Plaintiff in this case claims to have commenced his or her Plan benefit as an annuity before age 65 and assert the ECFs—which were disclosed to Plaintiffs over a decade ago—used unreasonable actuarial assumptions when compared to Plaintiffs' self-selected standard. However, nothing in ERISA's statutory provisions requires that actuarial assumptions used in calculating an ECF be "reasonable" or imposes liability when those factors are not reasonable. Plaintiffs seek an equitable remedy under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), in the form of declaratory relief and reformation of the Plan. Because the Plan's ECFs are entirely consistent with ERISA, Plaintiffs fail to state viable claims.

**(3) Statement of jurisdiction (including statutory citations):**

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it is a civil action arising under the laws of the United States, and pursuant to 29 U.S.C. § 1332(e)(1), which provides for federal jurisdiction of actions brought under Title I of ERISA.

**(4) Summary of factual stipulations or agreements:**

The Parties have not been able to reach any factual stipulations or agreements at this time.

**(5) Statement of whether a jury trial has been timely demanded by any party:**

No Party has made a jury demand.

**(6) Statement as to whether the parties agree to resolve the matter under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota, if applicable:**

The parties do not believe that the Court's Expedited Trial procedure would work for this case.

**(b) Pleadings.**

Statement as to whether all process has been served, all pleadings filed and any plan for any party to amend pleadings or add additional parties to the action:

All process has been served. The Complaint has been filed and Defendants filed their answer on July 26, 2019. Although Plaintiffs do not presently intend to make substantive amendments to the Complaint, the Complaint does list several John/Jane Does as Defendants, since Plaintiffs were unable to determine the identity of all persons who were members of the committees with responsibility for Plan Administration. Plaintiffs intend to amend the complaint to add the names as soon as that information is provided in discovery. Plaintiffs will then serve the complaint on the parties that are added. Defendants reserve the right to oppose any attempts to amend the Complaint to add new defendants or allegations.

**(c) Fact Discovery.**

The parties recommend that the Court establish the following fact discovery deadlines and limitations:

(1) The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before September 13, 2019.

(2) The parties do not anticipate the need for any physical or mental examinations under Fed. R. Civ. P. 35.

(3) The parties must commence fact discovery procedures in time to be completed by July 31, 2020.

(4) The parties propose that the Court limit the use and numbers of discovery procedures as follows per side (Plaintiffs and Defendants):

   (A) 25 interrogatories;

   (B) 75 document requests;

   (C) 10 factual depositions;

   (D) 30 requests for admissions;

   (E) 0 Rule 35 medical examinations; and

   (F)  n/a         other.

**(d) Expert Discovery.**

(1) The parties anticipate that they will require expert witnesses at the time of trial.

    (A)    The plaintiffs anticipate calling 2 experts: an actuary and a damages expert.

    (B) The defendants anticipate calling 1-3 experts (number) experts in the fields of: to be determined.

(2) The parties propose that the Court establish the following plan for expert discovery:

    (A)    Initial experts.

        (i) The identity of any expert who may testify at trial regarding issues on which the party has the burden of persuasion must be disclosed on or before August 14, 2020.

        (ii) The initial expert written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before August 14, 2020.

    (B) Rebuttal experts.

        (i) The identity of any experts who may testify in rebuttal to any initial expert must be disclosed on or before September 11, 2020.

        (ii) Any rebuttal expert's written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before September 11, 2020.

    (C) Reply reports.

    Any expert report responding to a rebuttal report served in accordance with paragraph d(2)(B)(ii) above must be served on or before October 2, 2020.

(3) All expert discovery must be completed by October 30, 2020.

**(e) Other Discovery Issues.**

(1) Protective Order. The parties have discussed whether they believe that a protective order is necessary to govern discovery and intend to jointly submit a proposed protective order; the parties will identify any areas of disagreement in the event that they are unable to reach agreement.

(2) Discovery of Electronically Stored Information. The parties have discussed disclosure, discovery, and preservation of electronically stored information, including the form in which it should be produced. The parties intend to continue discussing these issues in more detail after initial document requests have been served.

(3) Claims of Privilege or Protection. The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, as required by Fed. R. Civ. P. 26(f)(3)(D), including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evidence 502.  The parties agreed to include a claw-back provision in the draft protective order that will be proposed to the Court.

(4) The parties:

**X** agree that a party should be required to request an informal conference with the Court before filing a discovery motion;

☐ agree that a party should not be required to request an informal conference with the Court before filing a discovery motion; or

☐ do not agree whether a party should be required to request an informal conference with the Court before filing a discovery motion.

**(f) Proposed Motion Schedule.**

The parties propose the following deadlines for filing motions:

(1) Motions seeking to join other parties must be filed and served by November 1, 2019.

(2) Motions seeking to amend the pleadings must be filed and served by November 1, 2019.

(3) Plaintiffs' Motion for Class Certification must be filed and served by May 29, 2020.

(4) All other non-dispositive motions must be filed and served by November 20, 2020.

(4) Dispositive motions must be filed no later than November 20, 2020.

**(g) Trial-Ready Date.**

(1) The parties agree that the case will be ready for trial on or after February 1, 2021.

(2) The parties propose that the final pretrial conference be held on or before February 1, 2021.

**(h) Insurance Carriers/Indemnitors.**

List all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured.

Self-insured.

**(i) Settlement.**

(1) The parties discussed settlement during the initial pretrial conference. Because Plaintiffs cannot make a demand without determining, through discovery, how many plan participants elected alternative forms of benefits, as well as certain information such as their age at retirement and the amount of their monthly benefits, Plaintiffs could not make a written demand for settlement prior to the pre-trial conference. The parties agreed that they would be open to discussing the possibility of settlement as soon as both sides had a better understanding of the magnitude of the potential damages as well as other questions that might bear on litigation risk.

(2) The parties propose that a settlement conference be scheduled to take place before motions for summary judgment are filed, but agreed that an earlier date may be feasible depending on how the litigation progresses.

(3) The parties have discussed whether alternative dispute resolution will be helpful to the resolution of this case and recommend the following: after the parties are able to assess the likelihood of resolution before trial, they will meet and confer to determine whether direct negotiations or mediation – whether court-sponsored or private – would be most effective.

**(j) Trial by Magistrate Judge.**

The parties have not agreed to consent to jurisdiction by the Magistrate Judge under 28 U.S.C. § 636(c).

Dated:  August 21, 2019                                         Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　　　　 s/Amanda M. Williams　　　　　　
                                                                Daniel E. Gustafson (#202241)
                                                                Karla M. Gluek (#238399)
                                                                Amanda M. Williams (#341691)
                                                                **GUSTAFSON GLUEK PLLC**
                                                                120 South Sixth Street, Suite 2600
                                                                Telephone: (612) 333-8844
                                                                Facsimile: (612) 339-6622
                                                                dgustafson@gustafsongluek.com
                                                                kgluek@gustafsongluek.com
                                                                awilliams@gustafsongluek.com

        Robert A. Izard (*pro hac vice*)
        Mark P. Kindall (*pro hac vice*)
        Seth R. Klein (*pro hac vice*)
        Douglas A. Needham (*pro hac vice*)
        **IZARD, KINDALL & RAABE, LLP**
        29 South Main Street, Suite 305
        West Hartford, CT 06002
        Telephone: (860) 493-6292
        Facsimile: (860) 493-6290
        rizard@ikrlaw.com
        mkindall@ikrlaw.com
        sklein@ikrlaw.com
        dneedham@ikrlaw.com

        *Attorneys for Plaintiffs*

Dated: August 21, 2019          s/Sean K. McMahan
        Abbey M. Glenn (*pro hac vice*)
        Sean K. McMahan (*pro hac vice*)
        **Morgan, Lewis & Bockius LLP**
        1111 Pennsylvania Avenue, NW
        Washington, DC 20004
        202-739-5569
        Fax: 202-739-3001
        abbey.glenn@morganlewis.com
        sean.mcmahan@morganlewis.com

        Melissa D Hill (*pro hac vice*)
        **Morgan, Lewis & Bockius LLP**
        101 Park Avenue
        New York, NY 10178
        212-309-6000
        Fax: 212-309-6001
        melissa.hill@morganlewis.com

        Katherine A. Moerke (#312277)
        Jon M. Woodruff (#399453)
        **Stinson LLP**
        50 South Sixth Street, Suite 2600
        Minneapolis, MN 55402
        Telephone: 612.335.1500

Facsimile: 612-335-1657
katie.moerke@stinson.com
jon.woodruff@stinson.com

***Attorneys for U.S. Bancorp and the Employee Benefits Committee***