UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Janet Smith, Debra Thorne, Sonja Lindley, and Pamela Kaberline, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>U.S. Bancorp, the Employee Benefits Committee, and John/Jane Does 1-5,<br><br>        Defendants. | Civ. No. 18-3405 (PAM/KMM)<br><br>CLASS ACTION |

**AMENDED DECLARATION OF MARK BOYKO IN SUPPORT OF MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**

I, Mark G. Boyko, declare as follows:

1. I make this Declaration of my own personal knowledge, and if called as a witness, I would and could testify competently to the matters stated herein.

2. I am a partner of the law firm Bailey & Glasser LLP.

3. I have been actively involved in this lawsuit from the beginning of the investigation to the present.

4. Bailey & Glasser attorneys have been actively involved in all stages of this lawsuit, including but not limited to investigating and preparing the Complaint, successfully defending against Defendants' Motion to Dismiss, producing and reviewing discovery, taking and defending deposition, appearing in court, conferring with experts, and preparing the instant motion for certification of a class.

5. I have been working on ERISA class actions since 2007. My partner, Gregory Y. Porter, has been working on class actions since 1998. He and I have served together as lead or co-lead counsel for plaintiffs in many important ERISA cases, including *Intel v. Sulyma*. 140 S. Ct. 768 (2020) (prudence and diversification of certain options in a 401(k) plan), *Bekker v. Neuberger Berman Plan Inv. Comm.*, No. 16-6123 (S.D.N.Y) ($17 million settlement in class action concerning the prudence of one proprietary fund in a 401(k) plan), *Cryer v. Franklin Resources, Inc.*, No. 16-4265 (N.D. Cal.) ($26.9 million settlement in class action concerning the prudence and loyalty of offering proprietary investments in a 401(k) plan), *Leber v. Citigroup 401(k) Plan Inv. Comm.*, No. 07-9329 (S.D.N.Y.) (class settlement concerning prudence and fees of certain plan investment options), *Schultz v. Edward D. Jones & Co., L.P.*, No. 16-cv-1346 (E.D.Mo) (same).

6. I have additional experience in comparable cases including *Krueger v. Ameriprise Fin.*, No. 11-2781 (D. Minn.) ($27 million settlement of class action concerning the prudence of certain options in 401(k) Plan), *Spano v. The Boeing Co.*, No. 06-743 ($57 million settlement of class action concerning the prudence and diversification of a 401(k) plan); *Tibble v. Edison, Int'l*, 135 S.Ct. 1823 (2015) (settlement after trial of case concerning prudence of certain 401(k) Plan investments; *Tussey v. ABB, Inc.,* No. 06-4305 (W.D.Mo.) (same). In total, my ERISA class actions have resulted in over $435 million in judgments and settlements on behalf of 401(k) plans across the country.

7. Mr. Porter also has direct experience in cases involving complex financial products and services and fiduciary decision making about investments. *See Diebold v. Northern Trust*, No. 09-1934 (N.D. Ill.) ($34 million cash settlement in 2015); *Anderson v. Principal Life Ins. Co.*, No. 15-0119 (S.D. Iowa) ($3 million cash and $8.5 million in prospective relief in 2015); *Glass Dimensions, Inc. v. State Street Bank & Trust Co.*, No. 10-10588 (D. Mass.) ($10 million cash settlement in 2014); *In re CMS Energy ERISA*

2

*Litig.*, No. 02-CV-72834 (E.D. Mich.) ($28 million recovered); *Sherrill v. Federal-Mogul Corp. Retirement Programs Committee*, No. 04-CV-72949 (E.D. Mich.) ($14 million recovered); *Bilewicz v. FMR LLC*, No. 13-10636 (D. Mass.) ($12 million cash and substantial prospective relief in 2014); *Figas v. Wells Fargo*, No. 08-04546 (D. Minn.) ($17.5 million settlement in 2011). All of the cases listed above were about retirement plan fiduciaries making imprudent investment decisions. The *Northern Trust* and *Glass Dimensions* cases involved complex securities lending transactions involving hundreds of retirement plans. In those cases, Mr. Porter was the chief architect of the complaints, led the expert discovery for the plaintiffs, and successfully argued several key motions. In December of 2016, he led a team of lawyers in an ERISA case that resulted in a $30 million judgment. *Halldorson v. Wilmington Trust Ret. & Inst'l Services Co.*, No. 15-1494 (E.D. Va.).

8. Mr. Porter has also represented defendants in complex ERISA cases. He was part of the defense trial team in an ERISA class action against Prudential Life Insurance Company, which resulted in a verdict for the defendants. *See Dupree v. The Prudential Ins. Co. of Am.*, No. 99-8337, 2007 WL 2263892 (S.D. Fla. Aug. 7, 2007). In addition, he represented defendants in several of the earliest cases involving imprudent investments in employer stock, including *Koch v. Dwyer*, No. 98-5519 (S.D.N.Y.); *Tittle v. Enron*, No. 01-3913 (S.D. Tex.); and *Rankin v. Rots*, No. 02-CV-71045 (E.D. Mich.).

9. In addition, Ryan T. Jenny is a partner at Bailey & Glasser who joined the firm after more than fifteen years representing ERISA defendants while at large corporate firms in the District of Columbia and New York. Mr. Jenny represented defendants in many fiduciary duty actions involving employee benefit plan investment in employer stock, such as *Crowley v. Corning, Inc.*, 02-CV-6172 (W.D.N.Y.); *Holtzscher v. Dynegy, Inc.*, No. H-05-3293 (S.D. Tex.); *Crocker v. KV Pharm. Co.*, No. 09-cv-198 (E.D. Mo.); *In re BP p.l.c. ERISA Litig.*, MDL No. 10-md-2185 (S.D. Tex.); and *Knight v. Lavine*, 12-CV-611 (E.D. Va.), as well as in actions involving various

3

other ERISA fee, funding and fiduciary issues, such as *Alexander-Jones v. Wal-Mart Stores, Inc.*, No. C 10-03005 (N.D. Cal.); *In re Honda of Am. Mfg.*, No. 08-cv-1059 (S.D. Ohio); and *Sara Lee Corp. v. American Bakers Ass'n Ret. Plan*, No. 06-cv-819 (D.D.C.).

10. Plaintiffs' counsel has retained an expert, Mitchell I. Serota, to review the Plan's records and render certain opinions related to the calculation of benefits. Mr. Serota has reviewed the Plan's records and estimates that over a thousand participants had their early retirement benefits reduced by the ECFs in Part B during the Class Period.

11. Attached hereto as Exhibit 1 is a true and correct copy of the U.S. Bancorp Pension Plan (2002 Reinstatement), Bates Nos. DEF_00000159 to DEF_00000276.

12. Attached hereto as Exhibit 2 is a true and correct copy of excerpts of the Deposition Transcript of Kate Edison taken on October 7, 2020.

13. Attached hereto as Exhibit 3 is a true and correct copy of the redacted Declaration of Mitchell I. Serota dated November 2, 2020, and attached as Exhibit 13 is a true and correct copy of the redacted Declaration of Mitchell I Serota dated December 8, 2020.

14. Attached hereto as Exhibit 4 is a true and correct copy of the January 2017 U.S. Bank Pension Plan Summary Plan Description, Bates Nos. DEF_00000907 to DEF_00000941.

15. Attached hereto as Exhibit 5 is a true and correct copy of the U.S. Bank 2010 Cash Balance Plan, Bates Nos. DEF_00000359 to DEF_00000466.

16. Attached hereto as Exhibit 6 is a true and correct copy of the U.S. Bank Pension Plan (2016 Restatement).

17. Attached hereto as Exhibit 7 are excerpts from the deposition of Debra Thorne taken on October 9, 2020.

18.     Attached hereto as Exhibit 8 are excerpts from the deposition of Pamela Kaberline taken on October 6, 2020.

19.     Attached hereto as Exhibit 9 is are excerpts from the deposition of Sonja Lindley taken on October 15, 2020.

20.     Attached hereto as Exhibit 10 are biographies of Izard, Kindall & Raabe LLP and certain of its attorneys.

21.     Attached hereto as Exhibit 11 are biographies of Bailey Glasser, LLP and certain of its attorneys.

22.     Attached hereto as Exhibit 12 are biographies of Gustafson Gluek PLLC and certain of its attorneys.

23.     Together, these firms have prosecuted the case to date, conducting extensive research in actuarial science as well as understanding the highly technical statutory and regulatory landscape.

24.     The proposed Class Counsel have consulted with Ms. Thorne, Ms. Lindley and Ms. Kaberline, crafted the complaint, opposed the Motion to Dismiss, conducted discovery, negotiated litigation issues with opposing counsel, and prepared this motion. Class Counsel have also committed resources, including obtaining expert opinions, reviewing document productions and taking and defending depositions.

I declare, pursuant to 28 U.S.C. § 1746 and under penalty of perjury, that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed this 11th day of December, 2020.

_____
Mark G. Boyko