UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Debra Thorne, Sonja Lindley,                  Civ. No. 18-3405 (PAM/KMM)
Pamela Kaberline, on behalf of
themselves and all others
similarly situated,

                 Plaintiffs,

v.                                              **MEMORANDUM AND ORDER**

U.S. Bancorp, the Employee Benefits
Committee, John/Jane Does 1-5,

                 Defendants.

This matter is before the Court on Plaintiffs' Motion to Certify the Class. (Docket No. 125.) For the following reasons, the Motion is denied.

**BACKGROUND**

As set forth in the Court's previous Order (Docket No. 37), this case involves participants in the U.S. Bank Pension Plan ("the Plan") who elected to receive their benefits as an annuity before reaching the Plan's anticipated retirement age of 65. Beginning in 2002, Plaintiffs accrued retirement benefits under the Plan's "Final Average Pay Formula." (Compl. (Docket No. 1) ¶ 2.) Although the Plan anticipates a retirement age of 65, those who receive benefits under the Final Average Pay Formula can retire as early as age 55. (Id. ¶ 3.) When a participant elects to collect their retirement benefits before age 65, known as the "Early Commencement Factor" ("ECF"), the Plan's terms require a reduction of their monthly benefit, expressed as a percentage of the normal benefit that the participant would have received had they retired at 65. (Id.) Upon early retirement, each Plaintiff had

their monthly benefit reduced by the applicable ECF for their age in accordance with the Plan's terms.

Plaintiffs contend that the ECFs result in benefits that are not actuarially equivalent to the retirement benefit they would have received at age 65, in violation of the Early Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. Simply put, Plaintiffs argue that Defendants are paying retirees who retire before the age of 65 an insufficient percentage of their annuity benefit based on unreasonable actuarial calculations. Specifically, Plaintiffs assert that 3,344 individuals had their early retirement benefits in Part B of the Plan reduced by the ECFs. (Pls.' Supp. Mem. (Docket No. 127) at 11.) Ultimately, Plaintiffs seek declaratory and injunctive relief in the form of a "retroactive Plan Amendment," which would provide class members the greater of either an actuarily equivalent benefit to their age-65 ECF or their current benefit. (Id.)

Plaintiffs move to certify "all participants and beneficiaries of the . . . Plan, who began receiving pension benefits on or after December 14, 2012, and whose monthly benefits were reduced by an [ECF] prescribed in Part B of the Plan" under Rule 23(b)(1)(A) or Rule 23(b)(2). (Id. at 15.) Defendants oppose the Motion, arguing that Plaintiffs fail to meet Rule 23's requirements for class certification.

**DISCUSSION**

**A.    Rule 23(a)**

Plaintiffs seeking to certify a class must initially establish that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical

2

of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). Defendants argue that Plaintiffs fail to demonstrate commonality, typicality, and adequacy.

### 1.   **Commonality**

Rule 23's purpose is to promote judicial economy by allowing the litigation of at least one issue affecting every class member. Gen. Tel. Co. v. Falcon, 457 U.S. 147, 155 (1982). Thus, Plaintiffs must share at least one question of fact or law with the prospective class. Fed. R. Civ. P. 23(a)(2). Commonality is satisfied when a single issue pervades the class members' claims "even though the individuals are not identically situated." Paxton v. Union Nat'l Bank, 688 F.2d 552, 561 (8th Cir. 1982) (quotation omitted). However, not every common question will suffice because "at a sufficiently abstract level of generalization, almost any set of claims can be said to display commonality." Sprague v. Gen. Motors Corp., 133 F.3d 388, 397 (6th Cir. 1998). See Good v. Ameriprise Fin. Inc., 248 F.R.D. 560, 569 (D. Minn. 2008) (Schiltz, J.)

Plaintiffs maintain that the common question is whether the benefits they receive are the same as the actuarial equivalent of the benefit that they would receive at age 65, as ERISA requires. (Pls.' Supp. Mem. at 17.) Plaintiffs' expert, Michael Serota, created six alternative models using different actuarial assumptions than those in the Plan, and Plaintiffs propose that one of Serota's models should replace the current ECFs used to calculate their benefits.

As Defendants argue, the Serota models are unworkable because potential class members would favor different Serota models, as no model results in higher benefits for

3

all class members and each model results in lower benefits for some class members. (Defs.' Opp'n Mem. (Docket No. 142) at 14-15.) Indeed, Serota acknowledged that some potential class members' benefits would decrease using each of his models (Serota Rep. (Docket No. 128-3) ¶ 143; Serota Dep. (Docket No. 143-1) at 104-05), and he further conceded that 251 class members currently receive actuarially equivalent benefits. (Serota Supp. Rep. (Docket No. 128-13) ¶ 41.) The potential class members who currently receive actuarially equivalent benefits are not injured by the Plan. Therefore, Plaintiffs fail to show that a common question pervades the class.

The lack of commonality among potential class members highlights the issue of standing. Every member of the class must have standing. Avritt v. Reliastar Life Ins. Co., 615 F.3d 1023, 1034 (8th Cir. 2010). Here, some class members currently receive actuarially equivalent benefits; therefore, they were not injured by the Plan. Even if it is true, as Plaintiffs suggest, that ERISA's anti-cutback rule would prevent any class member's benefits from being reduced as a result of applying one of Serota's models, that rule does not bestow standing on uninjured class members. Because some potential class members lack Article III standing, the class cannot be certified.

**2. Typicality**

To meet the typicality prerequisite, Plaintiffs must show that their claims or defenses are typical of the class's claims or defenses. Fed. R. Civ. P. 23(a)(3). "Factual variations in the individual claims will not normally preclude class certification if the claim arises from the same event or course of conduct as the class claims, and gives rise to the same legal or remedial theory." Alpern v. UtiliCorp United, Inc., 84 F.3d 1525, 1540 (8th Cir.

4

1996). However, Plaintiffs must show that pursuing their claims will advance class members' interests and that their claims and the class's claims are "so interrelated that the interests of the class members will be fairly and adequately protected in their absence." Gen. Tel. Co., 457 U.S. at 158 n.13. As with commonality, while the named Plaintiffs' claims appear to be typical of some potential class members' claims, they are not typical of all class members' claims. Therefore, Plaintiffs fail to satisfy Rule 23(a)'s typicality requirement.

### 3. Adequacy

Plaintiffs must demonstrate that they "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). To do so, they must show that their counsel is competent to pursue the action and that their interests are not antagonistic to the class's interests. In re Workers' Comp., 130 F.R.D. 99, 107 (D. Minn. 1990) (Rosenbaum, J.). Defendants challenge Plaintiffs' adequacy, arguing that their interests are incompatible with those of potential class members.

Defendants focus on Torres v. American Airlines, Inc., an ERISA lawsuit challenging the actuarial equivalents of option forms of pension benefits. No. 4:18cv983, 2020 WL 3485580 (N.D. Tex. May 22, 2020).[1] The Torres court denied a motion for class certification because the relief sought would harm some class members, creating a "fundamental conflict" which defeated adequacy. Id. at *12. Indeed, similar intra-class conflicts exist here, defeating the adequacy requirement.

---

[1] Plaintiffs' counsel here also represented the Torres plaintiffs.

Additionally, Defendants argue that Plaintiffs fail to satisfy Rule 23's adequacy requirement because their deposition testimony demonstrates that they lack sufficient knowledge to represent the class. (Defs.' Opp'n Mem. at 27.) But "ERISA is an area of the law that even lawyers find confusing and difficult to understand. It is not surprising that a lay person such as [one of the Plaintiffs] might not grasp the finer points of the allegations in her lawsuit." Figas v. Wells Fargo., No. 08cv4546, 2010 WL 2943155, at *6 (D. Minn. Apr. 6, 2010). "[T]he depth of a named representative's knowledge is irrelevant." In re Workers' Comp., 130 F.R.D. at 108. Although Plaintiffs meet this knowledge criterion, it is irrelevant, because Plaintiffs fail to establish the other threshold Rule 23(a) criteria.

**B.     Rule 23(b)**

Even if Plaintiffs could satisfy Rule 23(a)'s prerequisites, they fall short of meeting Rule 23(b)'s requirements for class certification. See Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 163 (1974). Plaintiffs bear the burden of establishing each element of certification, see Gen. Tel. Co., 457 U.S. at 16, although the Court does not consider the merits of substantive claims in its assessment. In rigorously analyzing whether Plaintiffs have met their burden, the Court "may look past the pleadings . . . [to] understand the claims, defenses, relevant facts, and applicable substantive law . . . ." Thompson v. Am. Tobacco Co., Inc., 189 F.R.D. 544, 549 (D. Minn. 1999) (quoting Castano v. Am. Tobacco Co., 84 F.3d 734, 744 (5th Cir. 1996)). Ultimately, because of the fact-specific quality of the analysis, the Court exercises broad discretion in determining whether to certify a particular class under Rule 23. See Reiter v. Sonotone Corp., 442 U.S. 330, 345 (1979).

1. **Rule 23(b)(1)(A)**

Plaintiffs first seek certification of a Rule 23(b)(1)(A) class to avoid "inconsistent adjudications" from separate lawsuits. (Pls.' Supp. Mem. at 25.) Under this Rule, class certification is proper when "separate actions by or against individual class members would create a risk of (A) inconsistent or varying adjudications . . . which would establish incompatible standards of conduct for [Defendants]." Fed. R. Civ. P. 23(b)(1)(A). Here again, Defendants insist that certification under Rule 23(b)(1)(A) is inappropriate because some putative class members were not injured by the Plan, and rather they would be harmed by Plaintiffs' suggested relief. (Defs.' Opp'n Mem. at 29.)

As discussed above, because some class members were not injured, the class is not similarly situated such that inconsistent adjudications are a concern. See Torres, 2020 WL 3485580, at *13. Further, putative class members may not opt out of a such a class, which is problematic because some of those class members were not injured in the first instance. Plaintiffs fail to demonstrate that certification under Rule 23(b)(1)(A) is suitable.

2. **Rule 23(b)(2)**

Plaintiffs alternatively seek to certify their class under Rule 23(b)(2).[2] A Rule 23(b)(2) class is appropriate when a defendant has "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). "The key

---

[2] Defendants highlight that Plaintiffs raise verbatim the unsuccessful Rule 23(b)(2) argument as in Torres, in which intra-class conflicts precluded certification. See Torres, 2020 WL 3485580, at *12.

7

to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them." Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 360 (2011) (quotation omitted). Again, because Plaintiffs do not demonstrate that all class members receive benefits that violate ERISA, the requested relief would not apply to the entire class. See Amchem Prod., Inc. v. Windsor, 521 U.S. 591, 614 (1997). Certification under Rule 23(b)(2) is inappropriate.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that** Plaintiffs' Motion to Certify Class (Docket No. 125) is **DENIED**.

Dated: Tuesday, May 18, 2021

                                              *s/ Paul A. Magnuson*
                                              Paul A. Magnuson
                                              United States District Court Judge